### DÍAZ *v.* LA CORTE DE DISTRITO.

SOLICITUD para que se expida un auto de *Certiorari.*

No. 9. Resuelto en diciembre 21, 1905.

ABOGADOS.—PERSONALIDAD PARA GESTIONAR EN NOMBRE DE LAS PARTES.—Los abo-

gados no tienen personalidad para hacer gestión alguna en un juicio á nombre de una parte que no le hubiese conferido su representación.

Certiorari.—Su objeto.—El recurso de *certiorari* no procede para rectificar los errores de derecho que puedan cometerse en las sentencias, sino contra los procedimientos del tribunal inferior, cuando no se ajustan á las prescripciones legales, ó cuando se niega el juez á proceder, sin motivo justificado que lo impida.

Delitos contra la honestidad.—Misdemeanor.—Penas con que se castiga.—Como el Código no señala pena especial y determinada para los que cometieren el delito previsto en el art. 288 del Código Penal, sino que se limita á declararlo *misdemeanor,* la comisión de tal delito debe penarse con arreglo al art. 16 del citado código.

Certiorari.—Recurso ordinario.—El auto de *certiorari* no procede en los casos en que hubiere un recurso ordinario adecuado para que la parte pueda obtener reparación del daño que le haya podido causar el procedimiento seguido ante la corte inferior.

Apelación.—Fianza prestada por el acusado.—Cuando el acusado fuere condenado al pago de multa, y prestare fianza para permanecer en libertad mientras se substancia la apelación, dicha fianza, no sólo responderá de la comparecencia del acusado, cada vez que sea requerido para ello por el Tribunal, sino también del pago de dicha multa, debiendo el Secretario descontar el importe de la misma de la cantidad depositada como fianza, en los casos en que ésta se preste en efectivo.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Falcón.*

El Juez Presidente Sr. Quiñones, emitió la opinión tribunal.

El abogado don Ramón Falcón á nombre de don Juan Díaz, vecino de esta ciudad, presentó escrito á esta Corte Suprema en solicitud de un auto de *certiorari,* alegando al efecto, que habiéndose seguido proceso criminal contra Isabel Caballero en el Juzgado Municipal de San Juan, por infracción del artículo 288 del Código Penal, fué condenada á la pena de seis meses de arresto y doscientos dollars de multa. Que apelada esta sentencia para ante la Corte de Distrito y celebrado por ésta nuevo juicio, fué confirmada la sentencia del Juzgado Municipal, pero elevando la pena á un año de arresto y doscientos cincuenta dollars de multa, cuya sentencia fué confirmada á su vez por esta Corte Suprema á virtud de apelación interpuesta contra ella por la procesada Isabel Caballero. Que al

interponer ésta la apelación para ante esta corte, se le exigió una fianza por valor de quinientos dollars, la que prestó en dinero efectivo Don Juan Díaz, expidiéndosele por el Secretario de la Corte de Distrito un recibo creditivo de haber entregado aquella suma como fianza señalada á Isabel Caballero para la apelación. Que ordenado el cumplimiento de la sentencia ingresó en la cárcel la acusada; y que habiendo pedido Don Juan Díaz la devolución de la fianza, puesto que ya en su concepto carecía de objeto, ordenó la Corte de Distrito se le descontaran los doscientos cincuenta dollars de la multa y las costas, contra cuya resolución reclamó el peticionario ante la misma corte por medio de la oportuna moción, la que le fué denegada, lo mismo que otra de la acusada Isabel Caballero, para se le redujera la multa á doscientos dollars, toda vez que tratándose de un *misdemeanor*, y no señalándose cantidad determinada para la multa, entendía la solicitante que había de estarse á lo dispuesto en el art. 19 del Código Penal, en concordancia con el 27 del mismo Código. Que en tal situación se veían precisados á solicitar de esta Corte Suprema su intervención en el cumplimiento de aquella sentencia, por medio de un acto de *certiorari* que determine y regule el procedimiento legal que deba seguirse y á cuyo efecto se librará orden á la Corte de Distrito de San Juan á fin de que remitiera copia certificada de todas las diligencias practicadas para el cumplimiento de la sentencia ejecutoria, así como del recibo que se expidiera al peticionario Don Juan Díaz, cuando depositó los quinientos dollars para la fianza y que en definitiva se declare:

*Primero.* Que la fianza metálica otorgada por Don Juan Díaz no responde al pago de la multa impuesta en la sentencia de Isabel Caballero, la cual quedó cancelada desde el momento que ingresó aquélla en la cárcel á cumplir su condena.

*Segundo.* Que castigada la acusada Isabel Caballero, bajo la prescripción del art. 288 del Código Penal, que no limita tiempo para

la pena, ni fija cantidad para la multa, sino que califica el hecho de *misdemeanor*, se está en el caso del art. 19 de dicho Código, y por tanto, la multa no ha podido ser mayor de doscientos dollars.

*Tercero.* Que habiendo el Tribunal de Distrito impuesto una multa mayor de la que el Código autoriza, se declare, desde luego, la nulidad de la sentencia en lo que respecta á la multa impuesta, ó se reduzca aquélla á doscientos dollars.

Librada la orden solicitada al Juez del Distrito de San Juan, remitió á esta Corte Suprema las diligencias originales de la causa seguida contra Isabel Caballero, de las que resultan efectivamente confirmados todos los hechos expuestos por el peticionario Don Juan Díaz, y en las que obra original el recibo expedido á su favor por el Secretario de la Corte de Distrito al consignar la fianza, y cuyo documento literalmente copiado, dice así:

"He recibido de Don Juan Díaz Cruz, la suma de quinientos dollars en concepto de fianza prestada para obtener la excarcelación de Isabel Caballero, mientras se tramita la apelación establecida por dicha acusada, Isabel Caballero, para ante el Tribunal Supremo de Puerto Rico.—San Juan, Puerto Rico, octubre 28 de 1905.—Luis Méndez Vaz.—Secretario.—Por Isidoro D. Delgado, Secretario auxiliar."

Ahora bien; en vista de estos antecedentes entiende el que suscribe que no es de accederse en ninguno de sus extremos á la solicitud del peticionario Sr. Díaz.

En cuanto á la nulidad de la sentencia ó en otro caso la reducción de la multa impuesta á la Isabel Caballero, porque ni el abogado Sr. Falcón es parte legítima para deducir semejante solicitud á nombre de Isabel Caballero, puesto que no consta que ésta le haya confiado su representación bajo ningún concepto, ni él nos lo dice tampoco en su escrito, en el que sólo se ocupa de ella incidentalmente, cuanto porque el *certiorari* no se da para rectificar los errores de derecho que puedan cometerse en las sentencias, sino contra los procedimientos del Tribu-

nal inferior cuando no se ajustan á las prescripciones legales ó cuando se niega el juez á proceder sin motivo justificado que lo impida, esto aparte de que la sentencia dictada por el Tribunal de Distrito de San Juan contra la Isabel Caballero, y que fué confirmada después por esta Corte Suprema, no contiene el error que supone la defensa del Sr. Díaz, toda vez que la multa impuesta á la procesada se ajusta al precepto del art. 16 del Código Penal, según el cual, excepto en los casos en que se prescriba otra pena por este Código, toda delincuencia declarada *misdemeanor*, apareja pena de cárcel por un término máximo de dos años, ó multa máxima de doscientos cincuenta dollars, ó ambas penas, en cuyas condiciones precisamente se encuentra comprendido el caso de Isabel Caballero, pues habiendo sido ésta sentenciada por transgresión al art. 288 del Código Penal, éste no señala pena especial y determinada para el delito, sino que se limita á declararlo *misdemeanor,* y por consiguiente, debe penarse con arreglo al art. 16 citado del Código Penal.

Por lo que hace al peticionario Don Juan Díaz, tampoco cabe accederse á su solicitud, porque teniendo otros remedios ordinarios á su disposición para obtener la devolución de su fianza, no ha podido acudir al extraordinario del *certiorari* que, según la jurisprudencia ya sentada por esta Corte Suprema en varios casos, no procede sino cuando no tiene la parte en el curso ordinario de la ley, otros recursos para obtener la restitución del daño que le haya podido causar la sentencia del juez; y en segundo lugar porque la Corte de Distrito no ha cometido error alguno al disponer que se descontara de la fianza en metálico prestada por el peticionario, el importe de la multa y las costas impuestas por la sentencia á Isabel Caballero, toda vez que la fianza que prestó por ésta para que pudiera perma-

necer en libertad mientras se sustanciaba la apelación que interpusiera para ante esta Corte Suprema, tenía por objeto responder, no sólo de la presentación de la acusada cada vez que el tribunal lo estimara conveniente, sino también del pago de la multa y costas, como se infiere de los artículos 375 y 392 de la Ley de Enjuiciamiento Criminal de los cuales el primero dispone, que si la sentencia contra la que se ha interpuesto la apelación, condenase sólo al pago de una multa, la fianza que preste el acusado para permanecer en libertad se entenderá para responder del pago de dicha multa, ó de la parte de ella que ordenare la Corte Suprema, si se confirma ó modifica la sentencia, ó si se desestima la apelación; y el segundo que cuando la fianza constituída por el acusado consista en dinero efectivo, y estuviere aún en depósito al pronunciarse la sentencia condenando al procesado al pago de una multa, el Secretario del Tribunal debe bajo mandato de dicho tribunal aplicar ese dinero al pago de la multa y si después de satisfechas ésta y las costas, resultare algún sobrante, éste será devuelto al acusado; preceptos ambos que confirman la resolución dictada por el Juez de la Corte de Distrito de San Juan, al disponer que de los quinientos dollars depositados por el fiador Don Juan Díaz, se descontaran la multa y costas impuestas á la acusada Isabel Caballero, quedando á su disposición el sobrante.

En mérito de estas consideraciones, el Juez que suscribe, es de parecer que debe desestimarse en todas sus partes el recurso interpuesto por el peticionario, con las costas.

*Desestimada.*

Jueces concurrentes: Sres. Hernández, Figueras y MacLeary.

El Juez Asociado Sr. Wolf, no intervino en la resolución de este caso.