PEDRO A. DE CASTRO, Peticionario, *v.* CORTE DE DISTRITO DE PONCE y COMISIÓN INDUSTRIAL DE PUERTO RICO, demandadas.

No. 674.—*Sometido:* Enero 13, 1930. *Resuelto:* Marzo 31, 1930.

*Besosa & Besosa,* abogados del peticionario; *James R. Beverley, Attorney General,* y *Tomás Torres Pérez,* Subprocurador, abogados de la Comisión demandada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

 Teniendo dudas respecto a si el peticionario, un patrono no asegurado, había tenido su debido ''día en corte'' cuando la Comisión Industrial concedió daños y perjuicios contra él a instancias de un obrero lesionado, libramos un auto de *certiorari*.

En la vista en pleno el gobierno alega con mucho empeño que dicho peticionario tuvo en realidad su día en corte. También sostiene el gobierno que el peticionario no tenía el derecho de revisión ante la Corte de Distrito de Ponce, donde el peticionario apeló y contra la decisión de la cual se presentó este recurso de *certiorari*. No creemos prudente resolver estas cuestiones, toda vez que hay una cuestión más fundamental que milita contra el peticionario.

La cuestión de un debido día en corte fué presentada a la Corte de Distrito de Ponce, tribunal que la resolvió adversamente al peticionario. No existe la más ligera indicación en los autos que tenemos a la vista de que la corte de distrito al considerar la cuestión que tenía ante sí violara alguna regla de procedimiento, o que el peticionario no fuera ampliamente oído en dicha corte. Simplemente se nos pide que revisemos lo que ya ha sido revisado por la Corte de Distrito de Ponce. Si el peticionario estaba o no en lo cierto, la cuestión resuelta fué puramente una cuestión de derecho. Cuando una corte inferior resuelve que un peticionario o un apelante no tiene remedio alguno, no comete infracción alguna de procedimiento. Por tanto, el recurso de *certiorari* no procede. *Díaz* v. *Corte de Distrito,* 9 D.P.R. 586; *Arroyo* v. *Corte de Distrito,* 38 D.P.R. 1034; *Morales* v. *Corte de Distrito,* 30 D.P.R. 205.

El gobierno también indica que razonamiento similar sería aplicable a la revisión de la cuantía de los daños concedidos por la comisión.

*Debe anularse el auto expedido.*